Entered on Docket
October 30, 2020
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: October 30, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) |
| | ) Bankruptcy Case No. 08-30119 |
| PETER R. FADER, | ) |
| | ) Chapter 7 |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| E. LYNN SCHOENMANN, TRUSTEE | ) Adversary Case No. 20-03007 |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STEVEN R. BOAL and QUOTIENT TECHNOLOGY, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM DECISION REGARDING MOTIONS TO DISMISS**

On September 4, 2020, this court held a hearing on the motions to dismiss this adversary proceeding filed by defendants Steven R. Boal ("Boal") (dkt. 28) and by Quotient Technology, Inc. ("Quotient") (dkt. 56) (collectively, "Defendants"). For the reasons set forth below, the court is denying Boal's motion to dismiss but granting Quotient's motion to dismiss.

-1-

## I. PROCEDURAL BACKGROUND

On January 26, 2008, debtor Peter R. Fader ("Debtor") filed the underlying chapter 7 case (Case No. 08-30119). Debtor received his discharge in July 2009, and the case was closed in 2010. On July 24, 2019, Debtor filed a motion to reopen the case so that a chapter 7 trustee could determine whether the estate could or should pursue certain claims against Boal and Quotient. The court granted the motion and appointed plaintiff E. Lynn Schoenmann ("Trustee") as the chapter 7 trustee.

On December 10, 2019, Trustee filed the underlying complaint against the Defendants in state court, and Boal removed the action to the U.S. District Court for the Northern District of California ("District Court"). Following a referral of the action to this court by the District Court, Boal filed a motion to withdraw the reference under 28 U.S.C. § 157(d), which the District Court denied.

On January 30, 2020, Boal filed his motion to dismiss Trustee's Complaint (the "Boal MTD") (dkt. 28). Quotient then filed its own motion to dismiss (dkt. 56) (the "Quotient MTD"), which Boal joined on the same day (dkt. 60). On August 3, 2020, Trustee filed her oppositions to both motions to dismiss; both Quotient (dkt. 65) and Boal (dkt. 66) filed their replies on August 4, 2020. Following a telephonic hearing on September 4, 2020, the court took both the Boal MTD and the Quotient MTD under submission.

## II. ALLEGATIONS AND CLAIMS ASSERTED BY TRUSTEE

Trustee's complaint alleges that in exchange for Debtor's assistance in raising critical capital for two companies, Boal

promised that he would pay Debtor a share of his profits. "Specifically, Boal agreed that [Debtor] would receive 30% of the stock issued to Boal in [Quotient] and 50% of the stock issued to Boal in CashStar, Inc.("CashStar")." Complaint at ¶ 1. Both payments were to occur after Boal liquidated his shares. *Id.*

Trustee further alleges that Debtor raised critical capital for both Quotient and CashStar, including over $40 million for Quotient between 1999 and 2006, "money that was critical to the company's early survival and later success[.]" Complaint at ¶¶ 2 and 18. Trustee asserts that Boal and Debtor formed their first joint venture in 1998 and "had always operated on a 'handshake basis.'" Complaint at ¶ 16.

In the following paragraph, Trustee alleges that Boal committed "on behalf of himself and Quotient" to give Debtor 25 to 30% of Boal's equity in Quotient. "Boal wanted to maintain control, so the two agreed that the equity representing [Debtor's] promised return would be issued to Boal who would hold it in trust" and would pay Debtor his share of the proceeds upon a sale of the equity. Complaint at ¶ 17.

In her first cause of action, Trustee alleges breach of the "Quotient Contract." In paragraph 31, she alleges that Boal, acting on behalf of himself and Quotient, entered into an oral contract with Debtor. Complaint at ¶ 31. Trustee states that Boal agreed that Quotient would issue shares to Boal on Debtor's behalf, who would hold the stock for long as he deemed appropriate and then pay Debtor 30% of the sale of the stock.

-3-

"In short, the parties agreed that as Boal liquidated shares of Quotient stock issued to him, he would pay 30% of the proceeds to [Debtor]." *Id.* "Quotient and Boal breached the Quotient Contract by paying [Debtor] only $600,000 (in the form of two promissory notes Boal promised to forgive) rather than the full amount due, which on information and belief exceeds $10 million." *Id.* at ¶ 35.

In the second cause of action, Trustee asserts a claim against Boal and Quotient for breach of fiduciary duties arising out of "a joint venture or a relationship akin to a joint venture[.]" In the third cause of action, Trustee asserts claims against Boal for the purported breach of the CashStar contract. In the fourth cause of action, Trustee asserts that Boal breached his fiduciary duties to Debtor arising from the "CashStar Joint Venture." In the fifth, sixth and seventh causes of action, Trustee seeks the imposition of a constructive trustee against Boal and Quotient, declaratory relief and an accounting.

### III. THE MOTIONS TO DISMISS

The Boal MTD seeks dismissal of the complaint on four grounds. First, Boal contends that Debtor's failure to schedule the potential claims against him in the underlying bankruptcy case judicially estops the estate (and Debtor, as the primary beneficiary of potential proceeds of this lawsuit) from asserting or benefiting from these claims. Second, Boal contends that the breach of oral contract claims are time-barred under California law. Third, Boal argues that even if judicial estoppel does not apply, the complaint fails to state a claim

-4-

for breach of fiduciary duty upon which relief can be granted. Fourth, Boal argues that the remaining claims are wholly derivative of the time-barred breach of contract claims and thus do not assert claims upon which relief can be granted.

The Quotient MTD contends that the terms of the purported contract are too vague to be enforceable. Second, Quotient observes that Trustee has not alleged that Quotient (as opposed to Boal) breached the purported oral contract. Third, Quotient contends that the breach of contract claims are time-barred under California law. Fourth, Quotient contends that Trustee's breach of fiduciary duty claims are not cognizable as Debtor and Quotient never entered into a partnership or joint venture. Fifth, like Boal, Quotient argues that the remaining causes of action fail to state a claim under California law or are wholly derivative of other claims that must be dismissed. Finally, Quotient contends that the doctrine of judicial estoppel precludes Debtor (and, by extension, Trustee) from asserting or benefitting from the claims pled by the Trustee.

**IV. STANDARDS FOR DISMISSAL OF COMPLAINTS**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (made applicable by Federal Rule of Bankruptcy Procedure 7012) is a challenge to the sufficiency of the allegations set forth in the complaint. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference

-5-

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555.

**V.    DISCUSSION**

    A.    BOAL'S MTD

        *1.    Judicial Estoppel*

Boal argues that the doctrine of judicial estoppel precludes this adversary proceeding, particularly as Debtor is the primary beneficiary of any judgment. When Debtor filed this case in 2008, he admittedly did not schedule the purported oral contract with Boal on his schedules. *See* ¶¶ 4-7 of Debtor's Ex Parte Motion to Reopen Chapter 7 Case (dkt. 41 in Case No. 08-30119). He did not disclose that pursuant to this oral contract, he would allegedly receive 25 to 30 percent of the equity in Quotient, as well as stock in CashStar. *Id.; see also* ¶¶ 16-19 of the Complaint (dkt. 1-3).

After the court reopened the case, Trustee filed a motion to approve the litigation recovery agreement with Debtor (dkt. 55 in Case No. 08-30119). Boal objected (dkt. 62 in Case No. 08-30119), contending that the litigation sharing agreement was inequitable and designed to evade the doctrine of judicial estoppel. Overruling Boal's objections, the court entered an

-6-

order approving the litigation recovery agreement (dkt. 72) and will not revisit that holding in the context of the two motions to dismiss.

### 2. Statute of Limitations

Under California law, the statute of limitations based on a breach of oral contract is two years. Cal. Civ Proc. Code § 339(1). Boal contends that any breach of the purported Quotient agreement accrued in 2014 when the company went public and Boal sold some of his Quotient shares, although he acknowledges that he continued to sell Quotient shares through 2016. *See* Boal MTD at dkt. 28, ECF pgs. 17-18. Similarly, Boal contends that the statute of limitations bars Trustee's claims regarding the CashStar stock, as the Complaint alleges that Boal sold his CashStar stock in 2017, but gave Debtor only a "small fraction" of the earnings to which he was entitled.

In response to Boal's contention that her claims are time-barred, Trustee asserts that Debtor and Boal orally agreed to extend the payment dates to December 2018, thus equitably estopping Boal's invocation of the statute of limitations. This defense presents an issue of fact that cannot be resolved in the context of a motion to dismiss.

Under California law, a party may be equitably estopped from asserting the statute of limitations when his or her conduct induced another not to file a lawsuit within the applicable limitations period. *Walker v. City of San Clemente*, 239 Cal.App.4th 1350, 1370 (2015); *see also Atwater Elementary School Dist. v. California Dept. of General* Services, 41 Cal.4th 227, 232-233 (2007)("[w]here the delay in commencing action is

-7-

induced by the conduct of the defendant it cannot be availed of by him as a defense"). As stated by the court in *Battuello v. Battuello*, 64 Cal.App.4th 842 at 844, 848 (1998) (emphasis added):

> While section 366.2 clearly states that the one-year statute of limitations set forth therein may not be "tolled" or "extended," it says nothing about equitable estoppel. The doctrines are distinct. As one court noted in a similar context, "Tolling, strictly speaking, is concerned with the point at which the limitations period begins to run and with the circumstances in which the running of the limitations period may be suspended. These are matters in large measure governed by ** the language of the statute of limitations itself.... Equitable estoppel, however, is a different matter. It is not concerned with the running and suspension of the limitations period, but rather <u>comes into play only after the limitations period has run and addresses itself to the circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forbearing suit within the applicable limitations period</u>. Its application is wholly independent of the limitations period itself and takes its life, not from the language of the statute, but from the equitable principle that no man will be permitted to profit from his own wrongdoing in a court of justice. <u>Thus, because equitable estoppel operates directly on the defendant without abrogating the running of the limitations period as provided by statute, it might apply no matter how unequivocally the applicable limitations period is expressed</u>.

For the reasons set forth in *Battuello*, Trustee's allegations that Boal induced Debtor not to file a lawsuit before the end of the applicable limitations period by making false promises upon which Debtor purportedly relied preclude dismissal of the claims against Boal at this juncture. *Id., see also Herman v. Brow*n,

-8-

91 Cal.App.2d 758, 761 ((1949) ("a debtor who induces his creditor to defer action, by means of promises to pay the indebtedness or settle the claim, is estopped to plead the statute of limitations") (internal quotations omitted). The court must assume the facts alleged in the complaint are true, and Trustee has alleged sufficient facts to preclude dismissal of her action against Boal as time-barred.

       *3.    Breach of Fiduciary Duties and Contract*

Boal also asserts that Trustee's claims for breach of fiduciary duty should be dismissed. The court believes that dismissal is inappropriate, as Trustee has alleged that Boal and Debtor entered into a joint venture and because California law provides that "a joint venturer owes fiduciary duties to his coventurers." *Prostar Wireless Grp., LLC v. Domino's Pizza, Inc.*, 360 F. Supp. 3d 994, 1008 (N.D. Cal. 2018), *aff'd*, 815 F. App'x 117 (9th Cir. 2020), *citing Galardi v. State Bar*, 43 Cal.3d 683, 691 (1987). Thus Trustee has sufficiently alleged this cause of action against Boal.

Boal further contends that that any alleged agreement between Debtor, Boal and Quotient is unenforceable because it is "uncertain and indefinite as to the obligations of the parties," citing *Kahn Creative Partners, Inc. v. Nth Degree, Inc.*, No. CV 10-932-JST FFMX, 2011 WL 1195680, at *4 (C.D. Cal. Mar. 29, 2011). But *Creative Partners* actually explains why dismissal is premature: "Whether a partnership or joint venture exists is primarily a factual question to be determined by the trier of fact from the evidence and inferences to be drawn therefrom." *Id.* at *6, *citing Bank of Cal. v. Connolly*, 36 Cal.App.3d 350,

-9-

111 Cal.Rptr. 468, 478 (Cal. Ct. App. 1973). "Although a partnership ordinarily involves a continuing business, whereas a joint venture is usually formed for a specific transaction or a single series of transactions, the incidents of both relationships are the same in all essential respects." *Connolly*, 111 Cal.Rptr. at 477.

While Trustee does not describe certain terms of the purported joint ventures, this lack of detail is not necessarily fatal at the pleading stage; instead, the parties should be able to conduct discovery, and file motions for summary judgment if appropriate (as the parties in *Kahn Creative Partners* did). Nonetheless, Trustee will have to address the following material questions at some point to avoid possible summary judgment: When and where was the agreement between Debtor and Boal reached? What were the specific terms? Was there a minimum amount of capital that had to be raised? Was there a time frame for performance?

### 4. Remaining Claims

Boal argues that the remaining claims are wholly derivative of the purportedly time-barred claims and thus no relief can be granted on them. As noted above, however, Trustee has sufficiently alleged a cognizable claim for breach of contract, so the remaining claims are not subject to dismissal.

**B. QUOTIENT'S MTD**

In contrast to the claims against Boal, the claims against Quotient do not survive scrutiny under *Iqbal* and *Twombly*. Trustee's complaint insufficiently alleges that Debtor entered into an oral agreement with Quotient. The complaint is devoid

-10-

of factual allegations reflecting when and where Debtor reached an agreement with Quotient, or any specific promises made by Debtor to Quotient or by Quotient to Debtor.  Quite simply, the complaint does not plausibly allege any duties owed by Quotient to Debtor or any resulting breaches of such duties.  For this reason, the court will dismiss the claims asserted against Quotient.  Ordinarily, the court would dismiss the claims with leave to amend, but – as discussed below – any such claims are time-barred.

According to paragraph 1 of the complaint, "Boal agreed that [Debtor] would receive 30% of the stock issued to Boal in [Quotient] and 50% of stock issued to Boal in CashStar, Inc." Complaint at ¶ 1.  Such payment was to occur after Boal liquidated his shares.  *Id.*  Boal liquidated over 62,000 of his Quotient shares in 2014 when Quotient went public, but did not remit the proceeds to Debtor.  Under governing California law, any action for this purported breach of the oral agreement between Debtor and Boal accrued at the time of the breach in 2014.  *Zecos v. Nicholas-Applegate Capital Mgmt.*, 42 Fed. App'x 31, 32 (9th Cir. 2002) (citing *Cochran v. Cochran*, 56 Cal. App. 4th 1115, 1121 (1997)).  The statute of limitations for breach of an oral contract is two years pursuant to section 339(1) of the California Code of Civil Procedure.

Therefore, under Cal. Civ. Pro. § 339(a), Debtor's claims expired in 2016 and were time-barred when Trustee filed the underlying complaint in 2019.  As noted above in section V(A)(2) above, the Trustee sufficiently alleges facts that could support

-11-

a finding that <u>Boal</u> is equitably estopped from asserting a statute of limitations defense.  In contrast, Trustee has not alleged that Quotient was a party to any such agreement or novation, nor has she alleged any promises made by Quotient that would support equitable estoppel of its statute of limitations defense.  As admitted by Trustee in her consolidated opposition and as stated in paragraph 32 of the Complaint, Debtor and Boal "agreed to amend the Quotient Contract to allow Boal to defer payment of what was due to [Debtor].  As a result of this novation, the payments were not due until [Debtor's] demand for them in or about December 2018."  Given that Quotient was not a party to this novation, the two-year statute of limitations still applies as to claims against Quotient.

Finally, even if the claims against Quotient were not time-barred, Trustee has not identified any promise made to Debtor <u>by Quotient</u> that it has breached.  As a consequence, any argument that Quotient should be equitably estopped from asserting a statute of limitations defense is not persuasive. For the foregoing reasons, the court will dismiss the Trustee's claims against Quotient without leave to amend.

**VI.  CONCLUSION**

For the foregoing reasons, the court is denying the Boal MTD and granting the Quotient MTD.  Trustee should upload an order denying the Boal MTD for the reasons set forth in this memorandum decision and file a separate proof of service indicating compliance with B.L.R. 9021-1(c).  Similarly, Quotient should upload an order granting the Quotient MTD for the reasons set forth in this memorandum decision, and file a

-12-

separate proof of service indicating compliance with B.L.R. 9021-1(c).

The court will conduct an adversary proceeding scheduling conference on December 18, 2020, at 1:30 p.m. via CourtCall.

**END OF MEMORANDUM DECISION**

COURT SERVICE LIST

All Parties Served Via CM/ECF